

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 11, 1964

Honorable Frank W. Raymond, Jr.       Opinion No. C-292
Director
Texas Aeronautics Commission          Re:  Whether Article 46c-6,
203 West 16th Street                        Vernon's Civil Statutes,
Austin, Texas                               could be amended to au-
                                            thorize the grant of duly
                                            appropriated funds to in-
                                            corporated cities for the
                                            construction of airports
                                            and navigational facili-
                                            ties without violating
                                            Section 51 of Article III
Dear Mr. Raymond:                           of the Texas Constitution.

          You have requested an opinion on whether Article 46c-6,
Vernon's Civil Statutes, could be amended to authorize the grant
of duly appropriated funds to incorporated cities for the construc-
tion of airports and navigational facilities without violating
Section 51 of Article III of the Constitution of Texas.

          Said proviso of the Constitution states as follows:

          "The Legislature shall have no power to
     make any grant or authorize the making of any
     grant of public moneys to any individual, as-
     sociation of individuals, municipal or other
     corporations whatsoever; . . ."

          However, the Courts of Texas have interpreted this
constitutional restriction as preventing the granting or giving
away of public money for other than governmental purposes.  The
Courts have said that it is permissible to grant state funds to
municipal corporations where the money is granted for a purpose
that is governmental.  See Shelby County v. Allred, 123 Tex. 77,
68 S.W.2d 164 (1934).

          Article 46d-15, Vernon's Civil Statutes, states as
follows:

"The acquisition of any land or interest therein pursuant to this Act, the planning, acquisition, establishment, development, construction, improvement, maintenance, equipment, operation, regulation, protection and policing of airports and air navigation facilities, including the acquisition or elimination of airport hazards, and the exercise of any other powers herein granted to municipalities and other public agencies, to be severally or jointly exercised, are hereby declared to be public and governmental functions, exercised for a public purpose, and matters of public necessity; and in the case of any county, are declared to be county functions and purposes as well as public and governmental; and in the case of any municipality other than a county, are declared to be municipal functions and purposes as well as public and governmental. All land and other property and privileges acquired and used by or on behalf of any municipality or other public agency in the manner and for the purposes enumerated in this Act shall and are hereby declared to be acquired and used for public and governmental purposes and as a matter of public necessity, and, in the case of a county or municipality, for county or municipal purposes, respectively." (Emphasis added)

The Fifth Circuit Court of Appeals and the Supreme Court of Texas have stated that the aforesaid Article is valid. In Imperial Production Corp. v. City of Sweetwater, 210 F.2d 917, (5th Cir. 1954), the Fifth Circuit said:

". . .In the light of the then existing law, we can see no effective meaning to be given to Article 46d-15, other than that the designation of the functions therein as being public and governmental carried with it all of the consequences which such a designation entails, including exemption of the municipality from tort liability.

". . .

"It is clearly within the province of the legislature, when acting reasonably and not arbitrarily, to determine whether an act that may be performed by a city is public in its nature and performed as the agent of the state in furtherance of general law for the interest of the public at large and, hence, governmental. . . ."

The Supreme Court of Texas, in City of Corsicana v. Wren, 159 Tex. 202, 317 S.W.2d 516, 520 (1958), stated:

"In Imperial Production Corp. v. City of Sweetwater, 5 Cir., 210 F.2d 917, a distinguished court, accustomed to dealing with Texas law questions, held for city immunity in a case substantially identical with the present and in so doing expressly sustained the constitutionality of the relevent provisions of Art. 46d-15, supra, and relied upon it. . . .

"We agree with the line of cases just referred to and find nothing unreasonable in either Art. 46d-15 or the earlier statute, Art. 1269h, Sec. 3. . . ."

Since the Legislature has declared by statute that the operation of airports by municipalities and other governmental subdivisions is a public and governmental function, and such statute has been upheld by the above court decision, in our opinion Article 46c-6, Vernon's Civil Statutes, could be amended to authorize the grant of duly appropriated funds to incorporated cities for the construction of airports and navigational facilities without violating Section 51 of Article III of the Constitution of Texas. However, this opinion answers only the question as to whether said Article could be so amended and does not purport to approve or disapprove the amendment proposed in your letter.

### S U M M A R Y

Article 46c-6, Vernon's Civil Statutes, can be amended to authorize the grant of duly appropriated funds to incorporated cities for the construction of airports and navigational facilities without violating Section 51 of Article III of the Constitution of Texas.

Very truly yours,

WAGGONER CARR
Attorney General

By: Roy B. Johnson

Roy B. Johnson
Assistant

RBJ:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Paul Phy
Kerns Taylor
Ivan Williams
George Gray

APPROVED FOR THE ATTORNEY GENERAL
BY:   Stanton Stone